Ray B. HERROD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17611.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

**884**

Cornish, Cornish & Wright, Inc., Mc-Alester, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Ray B. Herrod, hereinafter referred to as defendant, entered a plea of Guilty in the District Court of Pittsburg County to the offense of Escape. His punishment was fixed at four (4) years imprisonment, and from said judgment and sentence, an appeal has been perfected to this Court.

Defendant asserts that the trial court erred in forcing the defendant to choose between a plea of Guilty or a trial from the same jury panel on a successive day after trial had in Case No. F–71–242, which resulted in a coerced decision by the defendant and deprived defendant of his constitutional rights of having a fair and impartial trial. This assertion is well taken. The record reflects the following transpired:

"COURT: Mr. Wright, do you have an announcement to make?

"WRIGHT: Let the record show that the District Attorney, Don Roberts, has conveyed his offer to a plea of guilty by the defendant, Ray B. Herrod, to the charge of ESCAPE, of five (5) years to run concurrent with the pending charge of F–71–242 to which this defendant was sentenced by a jury for eight (8) years on January 20, 1972. I have conveyed that offer to Mr. Herrod and he has indicated that he is willing to accept the offer.

"COURT: Until the plea of guilty is offered, I will state in the record that I have never exceeded the District Attorney's recommendation, and I don't intend to now as to the number of years or whatever the District Attorney recommends. I always follow the recommendation of the District Attorney and I intend to now.

"Can I assume the motions heretofore filed can be overruled without exceptions allowed.

"WRIGHT: Yes, sir.

"COURT: Do you tender a plea of guilty at this time?

"HERROD: Yes, sir?

"COURT: Mr. Herrod, you know that you are charged with ESCAPE, that ESCAPE carries with it as the first offense of not less than 2 years nor more than 7 years in the State Penitentiary. Do you understand that?

"HERROD: Yes, sir.

"COURT: Do you offer this plea of guilty of your own free will and accord?

"HERROD: Yes, sir.

"COURT: Nobody has mistreated or threatened you to get you to enter the plea?

"HERROD: No, sir.

"COURT: You have discussed it with your attorney? Is that correct?

"HERROD: I think I am being *coerced* into it.

"COURT: I can't take your plea running concurrently or any other way, if you tell me you don't want to enter it, I can't. It is that simple. Is that your plea?

"HERROD: Yes, sir." [Emphasis added. (Tr. 3–4)]

The court thereupon sentenced the defendant to four (4) years to run concurrently with the sentence imposed in F–71–242.

Under said circumstances, we cannot find that the plea was freely and voluntarily entered. When the defendant made the statement that he thought he was being coerced, the trial court should have made a searching inquiry into the alleged coercion.

The judgment and sentence is reversed and remanded.

BLISS and BRETT, JJ., concur.